NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12485

Non-Argument Calendar

————————————————

FANIS ARELY YANES CANALES,
HELSIN ARIEL MARTINEZ-YANES,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A245-394-584

————————————————

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT,
Circuit Judges.

PER CURIAM:

Fanis Yanes Canales, a native and citizen of Honduras, petitions, on behalf of herself and her son, for review of the Board of Immigration Appeals final order affirming the immigration judge's denial of her application for asylum and withholding of removal under the Immigration and Nationality Act. 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board affirmed that Yanes Canales was ineligible for asylum and withholding of removal because she did not establish that Honduras was unable or unwilling to protect her from future persecution. Yanes Canales argues that the Board failed to give reasoned consideration to her country condition evidence, which she alleges showed that the Honduran government was unable to adequately protect her from her abusive former domestic partner. We deny the petition.

We review the decision of the Board, except to the extent that it expressly adopted or agreed with the immigration judge's decision. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). We review factual findings for substantial evidence and must affirm if the findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (citation and internal quotation marks omitted). We will reverse "only if the record compels reversal, and the mere fact that the record may support a contrary conclusion is insufficient to justify reversal." *Id.* (citation and internal quotation marks omitted). We review claims of legal error *de novo*. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

We cannot say that the Board failed to give reasoned consideration to Yanes Canales' arguments and evidence. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874-75 (11th Cir. 2018), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023). The Board's decision gives no indication that it "cherry-picked" or otherwise ignored certain country condition evidence. Instead, its decision suggests that it considered, as the immigration judge did, the country condition evidence and found that that evidence did not prove that the Honduran government was unable or unwilling to protect Yanes Canales. *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) ("Where … the [Immigration Judge] has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented.") (quotation marks omitted).

The immigration judge engaged with Yanes Canales' country condition evidence and found that, although Honduras does not always effectively enforce its domestic violence laws, the evidence did not prove that Honduras is unwilling or incapable of doing so. The immigration judge found that "perfect protection is not required," and that no country can guarantee its citizens complete safety from violence at the hands of private actors. The immigration judge found that Yanes Canales had not proved that the Honduran government was unable or unwilling to protect her, and the Board found no clear error with that finding. Both the immigration judge and the Board acknowledged Yanes Canales' alleged fear of reporting her abuser to Honduran authorities.

The Board's decision reflects reasoned consideration. It acknowledged that although Honduras "is not always successful in enforcing its laws, it has demonstrated a willingness to protect women and victims of familial violence." It acknowledged that Yanes Canales never reported the abuse to Honduran officials. Yet it found that Honduras has laws to address the abuse Yanes Canales suffered and that those laws are enforced, however imperfectly. On this record, we cannot say that the Board failed to consider Yanes Canales' evidence and arguments.

Substantial evidence supports the Board's decision. To establish eligibility for asylum, the petitioner bears the burden of proving past persecution or a well-founded fear of future persecution. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). To establish persecution by a private actor, an applicant for asylum must prove that her "home country is unable or unwilling to protect" her. *Ayala*, 605 F.3d at 950. The record supports a finding that, although enforcement needs substantial improvement, Honduras has adopted and enforced serious criminal penalties for abusers and rapists. Yanes Canales testified that she never reported any abuse to Honduran authorities. The record does not compel reversal of the finding that she failed to prove that the Honduran government was unable or unwilling to protect her. *See Jathursan*, 17 F.4th at 1372. And Yanes Canales' failure to establish eligibility for asylum means that she is also ineligible for withholding of removal. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009).

We **DENY** the petition.